UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MORI SEIKI USA, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3: 06-CV-2344-B |
| | § | |
| DIANE MCINTYRE, et al., | § | |
| | § | |
| Defendants, | § | |

## MEMORANDUM ORDER

Before the Court is Mori Seiki USA's Rule 55(b)(2) Motion for Default Judgment Against Defendant Ernold Simmons (doc. 34) ("Motion for Default Judgment"). On December 19, 2006, Mori Seiki USA Inc. ("Mori Seiki") filed a complaint against Diane McIntyre, Penncorp LLC, Keith Pennachio, Gladys Davis-Simmons, Ernold Simmons, Elise Tapper, and Regions Financial Corporation d/b/a Regions Bank (doc. 1). The docket reflects that, on March 22, 2007, Ernold Simmons ("Simmons") executed a waiver of service of summons through Charles F. Allan, his criminal attorney in the case *United States v. Diane Louise McIntyre, Gladys Davis-Simmons, Ernold Simmons and Elise Tapper*, U.S. District Court for the N.D. Texas, Case No. 3:06-cr-00304. On March 23, 2007, Mori Seiki filed the executed waiver of service of summons with the Court. Simmons' answer was due on April 9, 2007. Simmons has not filed a responsive pleading or made an appearance in this case.

1

Mori Seiki filed the instant Motion for Default Judgment on August 28, 2007, requesting $41,525.00 in damages. The Court considered this Motion for Default Judgment by telephone conference on September 4, 2007. Simmons received notice that he was required to attend this conference but failed to do so. After review of the pleadings and evidence, the Court **GRANTS** Plaintiff's Motion for Default Judgment Against Ernold Simmons .

A default judgment against a defendant conclusively establishes the defendant's liability; however, it does not establish the amount of damages. *United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987)(noting that after default the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages). Therefore, it is Mori Seiki's burden, in this case, to establish an evidentiary basis for the damages he seeks. Mori Seiki supports its request for damages with Ernold Simmons' guilty plea in a criminal case for mail fraud, which involved the same transactions at issue in this civil case. (Pl. Mot. for Default Ex. C) Along with his guilty plea, Mori Seiki filed a factual resume stating that Mori Seiki issued a check in the amount of $41,625 to Simmons based on a fraudulent recruiting invoice purporting to be from "E Simmons." (*Id.* Ex. D) Simmons admitted that he then endorsed the check and deposited it in his bank account. (*Id.*) Pursuant to an agreement with Diane McIntyre, Simmons wired $15,609 from his bank account to McIntyre's bank account. (*Id.*) Based on this evidence, the Court will award Mori Seiki **$26,016**, representing the amount Simmons retained in his bank account after transferring the funds to McIntyre. As Mori Seiki has requested $41,525 in damages, Mori Seiki may file, on or before **September 11, 2007**, a written motion explaining why it is entitled to $41,525 in damages as opposed to $26,016.

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Default Judgment Against Ernold Simmons and will issue a Judgment for **$26,016** against Simmons, unless Mori Seiki

files a written motion, on or before **September 11, 2007**, explaining why it is entitled to a greater amount.

      SO ORDERED

      SIGNED September  6th , 2007

                                            **JANE J. BOYLE**
                                            **UNITED STATES DISTRICT JUDGE**