UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MORI SEIKI USA, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:06-CV-2344-B |
| | § | ECF |
| DIANE MCINTYRE, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Before the Court is Mori Seiki's Motion to Substitute Party ("Motion to Substitute") (doc. 43). Having considered the motion, the Court finds that is should be **DENIED WITHOUT PREJUDICE** pending the filing of a motion complying with Federal Rule of Civil Procedure 25(a).

## I. BACKGROUND

On December 19, 2006, Mori Seiki USA Inc. ("Mori Seiki") filed a complaint against Diane McIntyre, Penncorp LLC, Keith Pennachio, Gladys Davis-Simmons, Ernold Simmons, Elise Tapper, and Regions Financial Corporation d/b/a Regions Bank (doc. 1). The docket reflects that on July 3, 2007, service of summons was returned as to McIntyre (doc. 27). On August 28, 2007, Mori Seiki filed a Suggestion of Death Upon the Record stating that McIntyre had died after service of process. (doc. 36). The following day Mori Seiki filed a response to the Court's Show Cause Order (doc. 31) explaining that it had not moved for default judgment against McIntyre because she was deceased (doc. 38). Mori Seiki also explained that it was diligently searching for the executor of McIntyre's estate in order to file a motion for substitution or a motion for dismissal. On September 19, 2007, Mori Seiki filed the instant Motion to Substitute requesting that the Court substitute Judy Taylor,

the executor of McIntyre's estate, as a defendant. There has been no response in opposition to this motion.

## II. ANALYSIS

Federal Rule of Civil Procedure 25(a) allows a party to substitute a proper party if one of the party dies:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Rule 25(a) requires that the motion for substitution be "served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of summons." As Diane McIntyre is not yet a party to this case, Mori Seiki was required to comply with the Rule 4 requirements for service. *See Ransom v. Brennan*, 437 F.2d 513, 515 (5th Cir. 1971); 7C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY K. KANE, FEDERAL PRACTICE AND PROCEDURE § 1956 ("[T]he procedures of Rule 4 must be followed in serving the motion on the representative or successor of a deceased party."). Under Rule 4(e)(1), an individual may be served "pursuant to the law of the state in which the district court is located, or in which service is effected[.]" FED. R. CIV. P. 4(e)(1). Pursuant to Texas Rule of Civil Procedure 106(a)(2), service may be effected by "any person authorized by Rule 103 by . . . mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto." Texas Rule of Civil Procedure Rule 103 states that citation may be served by "(1) any sheriff or constable

or other person authorized by law or, (2) by any person authorized by law or by written order of the court who is not less than eighteen years of age. No person who is a party to or interested in the outcome of a suit shall serve any process. Service by registered or certified mail and citation by publication shall, if requested, be made by the clerk of the court in which the case is pending. . . ." There appears to be some conflict as to who is authorized to perform service by mail under Rule 106(a)(2). *Compare Delta Steamships Lines, Inc. v. Albano*, 768 F.2d 728, 730 (5th Cir. 1985) (for service by mail, "[t]he three officers Texas law empowers to serve process are the sheriff, constable, and clerk of court") *with Osorio v. Emily Morgan Enters., L.L.C.*, 2005 WL 589620, at *2 (W.D. Tex. 2005) ("Although Texas permits service of process via certified mail, return receipt requested, only the clerk of the court may serve process in this manner") *and Kleppinger v. Assocs. Corp. of N. America*, 2003 WL 22329032, at *2, 3 (N.D. Tex. 2003) ("only the clerk of the court may serve process [via certified mail, return receipt requested]") *with P & H Transp., Inc. v. Robinson*, 930 S.W.2d 857, 859 (Tex. App. – Houston 1996, writ denied) (service by authorized private process server is valid because "service by mail may be made not only by the clerk but also by other authorized persons"). However, the Court need not resolve this issue at this time. In this case, Judy Taylor was sent a copy of the Motion to Substitute via certified mail/return receipt requested. Because it is unclear who sent Taylor the certified mail, the Court is unable to determine whether Mori Seiki has complied with the procedural requirements of Rule 25(a). Accordingly, the Court finds that the Motion to Substitute should be **DENIED WITHOUT PREJUDICE** pending the filing of a motion complying with the Rule 4 requirements for service of process[1]. Mori Seiki should file its Motion to Substitute by **October 26, 2007**.

---

[1] Mori Seiki is not limited to effecting service by registered mail. It may also choose to effect service under Texas Rule of Civil Procedure 106(a)(1).

SO ORDERED.

SIGNED October   12th  , 2007

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE