UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MORI SEIKI USA, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:06-CV-2344-B |
| | § | ECF |
| DIANE MCINTYRE, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM ORDER**

Before the Court is Mori Seiki USA's Amended Rule 55(b)(2) Motion for a Default Damages Award of $104,225.00 Against Defendant Ernold Simmons (doc. 42) and Mori Seiki's Supplemental Brief on Motion for Default Damages Against Ernold Simmons (doc. 55). After due consideration and review of the record and all evidence presented, the Court finds that this motion should be **GRANTED**.

**I. BACKGROUND**

On December 19, 2006, Mori Seiki USA Inc. ("Mori Seiki") filed a complaint against Diane McIntyre ("McIntyre"), Penncorp LLC ("Penncorp"), Keith Pennachio ("Pennachio"), Gladys Davis-Simmons ("Davis-Simmons"), Ernold Simmons ("Simmons"), Elise Tapper ("Tapper"), and Regions Financial Corporation d/b/a Regions Bank ("Regions Bank") (doc. 1). Mori Seiki's causes of action against Simmons and Davis-Simmons included aiding and abetting and civil conspiracy. McIntyre, Mori Seiki's former human resources manager, had authority to pay recruiters for identifying candidates for available positions at Mori Seiki. With respect to Simmons and Davis-Simmons, Mori

Seiki alleges a scheme in which McIntyre created fake invoices for recruiting services and directed Mori Seiki to send checks to Simmons and Davis-Simmons for recruiting services that they did not perform. Davis-Simmons has filed an answer to the complaint. Tapper and Regions Bank have been dismissed from the case. Mori Seiki has reached a settlement with Pennachio and Penncorp and has dismissed its claims against these parties. McIntyre is deceased, and the executor of her estate has been substituted as a party.

The docket reflects that, on March 22, 2007, Simmons executed a waiver of service of summons through Charles F. Allan, his criminal attorney in the related criminal case of *United States v. Diane Louise McIntyre, Gladys Davis-Simmons, Ernold Simmons and Elise Tapper*, U.S. District Court for the N.D. Texas, Case No. 3:06-cr-00304. On March 23, 2007, Mori Seiki filed the executed waiver of service of summons with the Court. Simmons' answer was due on April 9, 2007. Simmons has not filed a responsive pleading or made an appearance in this case. On May 21, 2007, Ernold Simmons pled guilty in the related criminal proceeding (06-cr-304) involving mail fraud and aiding and abetting. He filed a factual resume stating that he was involved in a scheme to defraud Mori Seiki in which McIntyre created a fraudulent recruiting invoice, Mori Seiki issued a check to Simmons, McIntyre sent an e-mail to Davis-Simmons with the invoice, Simmons deposited the check, and Simmons wired money to McIntyre's account. (Ex. B to Mori Seiki's Mot. for Default J.).

Mori Seiki filed a Motion for Default Judgment Against Ernold Simmons on August 28, 2007, requesting $41,525.00 in damages (doc. 34). The Court considered this Motion for Default Judgment by telephone conference on September 4, 2007. Simmons received notice that he was required to attend this conference but failed to do so. In an Order dated September 6, 2007, the Court granted the Plaintiff's Motion for Default Judgment in the amount of $26,016.00 (doc. 41).

The Court explained that while Mori Seiki was seeking $41,525.00 in damages, the evidence (Simmons' guilty plea in a criminal case involving mail fraud) showed that Simmons only retained $26,016 in his bank account after wiring money to McIntyre. The Court stated that Mori Seiki may file, on or before September 11, 2007, a written motion explaining why it is entitled to $41,525.00 in damages as opposed to $26,016.00. Pursuant to this Order, Mori Seiki filed an Amended Motion for Default Damages on September 11, 2007 requesting damages of $104,225 (doc. 42). The Court denied this motion without prejudice pending additional briefing on the issue of the propriety of granting a default judgment against one defendant when other defendants remain in the case. Pursuant to this Order, Mori Seiki filed the instant Supplemental Brief on Motion for Default Damages Against Defendant Ernold Simmons (doc. 55).

## II. ANALYSIS

### A. Propriety of Granting Default Judgment

The Court initially expressed concern over granting a default judgment as to one defendant--Simmons--when other defendants--Davis-Simmons, Penncorp, Pennachio, and McIntyre's executor--remain in the case. (Mori Seiki has recently dismissed its claims against Penncorp and Pennachio). Federal Rule of Civil Procedure 54(b) provides, "when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the . . . parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Many courts have held, based on *Frow v. DeLaVega*, 82 U.S. (15 Wall.) 552 (1872), that when the plaintiff alleges joint liability against multiple defendants, an entry of default as to some of the defendants is appropriate, but a judgment should not be entered until the case has been decided with regard to all of the defendants. *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145,147

(10th Cir. 1985) (quoting 10 C. WRIGHT, A. MILLER & M. KANE, FEDERAL PRACTICE & PROCEDURE § 2690, at 455-56 (1983)); *Raleigh Cycle Co. of Am. v. Edward Risha*, 1987 WL 11889, at * 1 (S.D. Tex. 1987) ("Where one of multiple defendants is in default, as a general rule, a decree of default may be entered, but a judgment is withheld pending a decision on the merits as to the other defendants."). The Seventh Circuit Court of Appeals has concluded that *Frow* does not preclude the entry of default judgment against one defendant when others remain if liability is joint and several. *In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1258 (7th Cir. 1980). The Court explained that "when different results as to different parties are not logically inconsistent or contradictory, the rationale for the *Frow* rule is lacking." *Id.* The Court found it appropriate to enter a default judgment as to liability against less than all of the defendants; however, it refused to enter a default damages award until it resolved the liability of all of the defendants. *Id.* at 1262. The Court reasoned that it would be inconsistent to have two distinct determinations as to damages arising out of one price-fixing scheme. *Id.* at 1262. Similarly in *Friedman*, the Court stated, "[E]ven if the liability is joint and several and thus a default judgment may be entered, the courts have consistently held that it is appropriate to enter judgment solely as to liability and not as to the amount of damages to be assessed against the defaulting party, since a separate determination of damages would pose the prospect of inconsistent judgments." *Friedman v. Lawrence*, 1991 WL 206308, at * 3 (S.D.N.Y. 1991). The Court explained that the amount of damages the plaintiff could recover from the defaulting defendants should not differ from that recovered from the non-defaulting defendants. *Id.* at *4.

In this case, Ernold Simmons is liable for civil conspiracy, which imposes joint and several liability. *Tompkins v. Cyr*, 202 F.3d 770, 783 (5th Cir. 2000). The Court agrees with the rationale

of the Court in *Uranium* that entry of default judgment as to liability is appropriate where liability is joint and several. The Court also concludes that the concerns regarding inconsistent damages awards in *Uranium* and *Friedman* are not present here. The remaining defendants are Davis-Simmons and McInyre's executor. Ernold Simmons is liable for a four check scheme involving Davis-Simmons and McInyre. By separate order, the Court has granted summary judgment in favor of Mori Seiki as to Davis-Simmons in the amount of $104,225. Simmons will be jointly and severally liable for this amount. Accordingly, there is no risk of inconsistent damages awards as between Simmons and Davis-Simmons. Finally, a different damages award against McIntyre would not be inconsistent. Mori Seiki has alleged additional causes of action against McIntyre and has alleged additional schemes, including those involving Pennachio and Penncorp. Furthermore, if McIntyre is found liable for this four check scheme, she will be jointly and severally liable for the $104,225 with Davis-Simmons and Simmons. The Court concludes that "there is no just reason for delay" and that it is appropriate to enter a default judgment as to liability and damages against Simmons. FED. R. CIV. P. 54(b). The Court now turns to the appropriate amount of default damages.

**B. Amount of Damages**

Ernold Simmons has admitted in his factual resume attached to his guilty plea to participating in a scheme to create fraudulent invoices and receive checks for recruiting services that were not performed. In this factual resume, Simmons admits that he received check number 095996 in the amount of $41,625. (Ex. D to Mot. For Default J.). Davis-Simmons', Simmons' wife and co-conspirator, factual resume admits that she received check number 096238 in the amount of $35,100. (Ex. 2 to Am. Mot. For Default J.). Mori Seiki has also presented evidence that check number 96582 for $15,000 and check number 3773 for $12,600 were involved in the scheme. This

evidence includes an affidavit of Brian McGirk, the manager of Mori Seiki's accounting department, copies of these returned checks from Mori Seki made payable to Davis-Simmons, invoices, and requests for payment. (Ex. 3, Ex. A, Ex. B to Am. Mot. For Default J.). This evidence is sufficient to establish damages of $104,225.[1] Simmons and Davis-Simmons (and McIntyre if she is found liable) will be jointly and severally liable for the amount of these four checks in their scheme because "[o]nce a conspiracy is proven, each co-conspirator 'is responsible for all acts done by any of the conspirators in furtherance of the unlawful combination.'" *Carroll v. Timmers Chevrolet, Inc.*, 592 S.W.2d 922, 926 (Tex. 1980)(quoting *State v. Standard Oil Co.*, 107 S.W.2d 550, 559 (1937); *see also Tompkins v. Cyr*, 202 F.3d 770, 783 (5th Cir. 2000) ("[E]ach of the losing defendants is jointly and severally liable for the actions of the others because all were found to be co-conspirators in a civil conspiracy."). Furthermore, it is irrelevant that Simmons and Davis-Simmons transferred some of the money from the checks to McIntyre because the amount actually received by the co-conspirator is irrelevant. *Kirby v. Cruce*, 688 S.W.2d 161, 166 (Tex. App. 1985) (holding that the co-conspirators were jointly and severally liable even though only two of the defendants actually received the contributions). In conclusion, the Court finds that **Davis and Davis-Simmons** are **jointly and several liable** to Mori Seiki for **$104,225**. If **McIntyre** is found liable for this 4 check

---

[1] There is some inconsistency regarding check number 095996. According to the returned check and Simmons' factual resume, it was for $41,625. According to Mori Seiki's motions, it was for $41,525. According to Brian McGirk's affidavit, it was for $41,265. The Court finds the $41,625 value in the factual resume and on the returned check to be the most reliable. However, Mori Seiki appears to have used the $41,525 value to calculate its total damages of $104,225. If the $41,625 value was used, Mori Seiki would be entitled to $104,325. The Court concludes that the $104,225 figure is appropriate. First, this amount is consistent with the amount Simmons and Davis-Simmons were found jointly and severally liable for in the criminal proceedings. (Supplemental App. in Supp. of Mori Seiki USA's Rule 56 Mot. for Partial Summ. J. Against Def. Gladys Davis-Simmons). Second, according to Federal Rule of Civil Procedure 54(c), "A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." Because Mori Seiki only demanded $104,225, it is limited to that amount.

scheme she will be held **jointly and severally liable** for **$104,225** along with Simmons and Davis-Simmons.

### III.  CONCLUSION

For the reasons set forth above, the Court **GRANTS** Mori Seiki's Amended Motion for Default Damages in the amount of $104,225.  Davis-Simmons will be jointly and severally liable for this amount.  In addition, McIntyre's executor will also be jointly and severally liable with Davis-Simmons and Simmons for this amount in the event that a damages award is imposed against her for this four check scheme.

SO ORDERED.

SIGNED March 4th , 2008

```
_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE
```