UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MORI SEIKI USA, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:06-CV-2344-B |
| | § | ECF |
| DIANE MCINTYRE, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Before the Court is Mori Seiki USA's Rule 56 Motion for Partial Summary Judgment Against Defendant Gladys Davis-Simmons (doc 57). After due consideration and review of the record and all evidence presented, the Court finds that this motion should be **GRANTED**.

### I. BACKGROUND

On December 19, 2006, Mori Seiki USA Inc. ("Mori Seiki") filed a complaint against Diane McIntyre ("McIntyre"), Penncorp LLC ("Penncorp"), Keith Pennachio ("Pennachio"), Gladys Davis-Simmons ("Davis-Simmons"), Ernold Simmons ("Simmons"), Elise Tapper ("Tapper"), and Regions Financial Corporation d/b/a Regions Bank ("Regions Bank") (doc. 1). Mori Seiki's causes of action against Simmons and Davis-Simmons included aiding and abetting and civil conspiracy. McIntyre, Mori Seiki's former human resources manager, had authority to pay recruiters for identifying candidates for available positions at Mori Seiki. With respect to Simmons and Davis-Simmons, Mori Seiki alleges a scheme in which McIntyre created fake invoices for recruiting services and directed Mori Seiki to send checks to Simmons and Davis-Simmons for recruiting services that they did not

perform. Davis-Simmons [1](proceeding *pro se*) has filed answer to the complaint. Tapper and Regions Bank have been dismissed from the case. Mori Seiki has reached a settlement with Pennachio and Penncorp and has dismissed its claims against these parties. McIntyre is deceased, and the executor of her estate has been substituted as a party. By separate order, the Court is granting a default judgment against Simmons for joint and several liability with Davis-Simmons in the amount of $104,225. On May 21, 2007, Davis- Simmons pled guilty to mail fraud and aiding and abetting in the related criminal case of *United States v. Diane Louise McIntyre, Gladys Davis-Simmons, Ernold Simmons and Elise Tapper*, U.S. District Court for the N.D. Texas, Case No. 3:06-cr-00304. Mori Seiki moved for partial summary judgment against Davis-Simmons on October 31, 2007 (doc. 57). Davis did not file a response to this motion.[2]

## II. ANALYSIS

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Only disputes about material facts will preclude the granting of summary judgment. *Id.* The burden is on the summary judgment movant to prove that no

---

[1] In her response to Mori Seiki's complaint Davis-Simmons stated, "I cannot afford an attorney for representation; therefore, I am requesting from the court avenues to secure legal assistance on this case, such as a court appointed attorney." (doc. 7). To the extent that this can be construed a motion for the appointment of counsel, the Court denies this motion. In civil cases, counsel may be appointed only in exceptional circumstances. *See Richardson v. Henry*, 902 F.2d 414, 417 (5th Cir. 1990).

[2] The Fifth Circuit has held that a *pro se* litigant need not be afforded "particularized additional notice of the potential consequences of a summary judgment and the right to submit opposing affidavits." *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

genuine issue of material fact exists. *Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990). If the movant bears the burden of persuasion at trial, it "must support its motion with credible evidence-using any of the materials specified in Rule 56(c)-that would entitle it to a directed verdict if not controverted at trial. Such an affirmative showing shifts the burden of production to the party opposing the motion and requires that party either to produce evidentiary materials that demonstrate the existence of a 'genuine issue' for trial or to submit an affidavit requesting additional time for discovery." *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986) (citations omitted).

Mori Seiki alleges that Davis-Simmons has committed civil conspiracy. The elements of civil conspiracy are "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as a proximate result." *Tri v. J.T.T.*, 162 S.W.3d 552, 557 (Tex. 2005). In her factual resume attached to her guilty plea regarding mail fraud and aiding and abetting, Davis-Simmons admitted to participating in a scheme in which McIntyre created fraudulent invoices for recruiting services that were not performed by Davis-Simmons, Mori Seiki issued a check to Davis-Simmons based on this invoice, Davis-Simmons deposited this check into her bank account, and, pursuant to an agreement with McIntyre to share the fraudulently obtained fees, Davis-Simmons wired money to McIntyre's account. (App. 89-91). Simmons, Davis Simmons' husband, also pled guilty filing a similar factual resume which admitted to his participation in a scheme with McIntyre and stated that Davis-Simmons had received an e-mail from McIntyre with an invoice. (App. 80-82). The Court finds that this uncontroverted evidence establishes that Davis-Simmons and Simmons conspired with McIntyre to defraud Mori Seiki. *See F.D.I.C. v. Aubin*, 1999 WL 694706, at * (N.D. Tex. 1999) (granting partial summary judgment for common law fraud based on a criminal conviction for bank

fraud); *Corporacion Insular de Seguros v. Reyes-Munoz*, 849 F. Supp. 126, 133 (D. Puerto Rico 1994) (holding that defendants were collaterally estopped from relitigating or denying facts admitted in their guilty plea and granting partial summary judgment). Davis-Simmons has not filed a response and has not shown that a genuine issue of material fact exists for trial.

Having determined that partial summary judgment should be granted on liability, the Court now turns to the issue of damages. In her factual resume, Davis-Simmons admits that she received check number 096238 in the amount of $35,100. (App. 91). Mori Seiki has also presented evidence that check number 96582 for $15,000 and check number 3773 for $12,600 were involved in the scheme. This evidence includes an affidavit of Brian McGirk, the manager of Mori Seiki's accounting department, copies of these returned checks from Mori Seki made payable to Davis-Simmons, invoices, and requests for payment. (App. 93-103). Simmons', Davis-Simmons' co-conspirator, factual resume admits that he received check number 095996 in the amount of $41,625. (App. 81-82). Davis-Simmons should be liable for this check written to her co-conspirator because "[o]nce a conspiracy is proven, each co-conspirator 'is responsible for all acts done by any of the conspirators in furtherance of the unlawful combination.'" *Carroll v. Timmers Chevrolet, Inc.*, 592 S.W.2d 922, 926 (Tex. 1980) (quoting *State v. Standard Oil Co.*, 107 S.W.2d 550, 559 (1937); *see also Tompkins v. Cyr*, 202 F.3d 770, 783 (5th Cir. 2000) ("[E]ach of the losing defendants is jointly and severally liable for the actions of the others because all were found to be co-conspirators in a civil conspiracy."). Furthermore, it is irrelevant that Simmons and Davis-Simmons transferred some of the money from the checks to McIntyre because the amount actually received by the co-conspirator is irrelevant. *Kirby v. Cruce*, 688 S.W.2d 161, 166 (Tex. App. 1985) (holding that the co-conspirators were jointly and severally liable even though only two of the defendants actually

received the contributions). In conclusion, partial summary judgment for the amount of $104,225[3] against Davis-Simmons, jointly and severally with Simmons (and McIntyre if she is found liable for this four check scheme) is appropriate.

Typically, a partial summary judgment is not final unless the Court makes an express determination that there is no just reason for delay. FED. R. CIV. P. 54(b) ("[W]hen multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the . . . parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates . . . rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."). With regard to Simmons, the Court has already found no just reason for delay in entering final default judgment. The Court determines that the same reasoning should apply here with respect to Davis-Simmons. The remaining defendant is McInyre's executor. Davis-Simmons is liable for a four check scheme involving Simmons and McInyre. By separate order, the Court has granted default judgment in

---

[3]There is some inconsistency regarding check number 095996. According to the returned check and Simmons' factual resume, it was for $41,625. According to Mori Seiki's motions, it was for $41,525. According to Brian McGirk's affidavit, it was for $41,265. The Court finds the $41,625 value in the factual resume and on the returned check to be the most reliable. However, Mori Seiki appears to have used the $41,525 value to calculate its total damages of $104,225. If the $41,625 value was used, Mori Seiki would be entitled to $104,325. The Court concludes that the $104,225 figure is appropriate. First, this amount is consistent with the amount Simmons and Davis-Simmons were found jointly and severally liable for in the criminal proceedings. (Supplemental App. in Supp. of Mori Seiki USA's Rule 56 Mot. for Partial Summ. J. Against Def. Gladys Davis-Simmons). Second, this amount is also consistent with the amount of default damages imposed against Simmons, jointly and severally with Davis-Simmons.

favor of Mori Seiki as to Simmons in the amount of $104,225. Davis-Simmons will be jointly and severally liable for this amount. Accordingly, there is no risk of inconsistent damages awards as between Simmons and Davis-Simmons. A different damages award against McIntyre would not be inconsistent. Mori Seiki has alleged additional causes of action against McIntyre and has alleged additional schemes, including those involving Pennachio and Penncorp. Furthermore, if McIntyre is found liable for this four check scheme, she will be jointly and severally liable for the $104,225 with Davis-Simmons and Simmons. The Court concludes that "there is no just reason for delay" and that it is appropriate to enter a final partial summary judgment. FED. R. CIV. P. 54(b)

### III. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Mori Seiki's for Partial Summary Judgment Against Defendant Gladys Davis-Simmons in the amount of $104,225, jointly and severally with Simmons. McIntyre's executor will also be jointly and severally liable with Davis-Simmons and Simmons for this amount in the event that a damages award is imposed against her for this four check scheme.

**SO ORDERED.**

**SIGNED March 4th , 2008**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE